IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THOMAS LEWIS,**

    **Plaintiff,**

v.                          **CIVIL ACTION NO. 5:06cv10**
                                 **(Judge Stamp)**

**STATE OF WEST VIRGINIA,**

    **Defendants,**

## REPORT AND RECOMMENDATION

On January 24, 2006, plaintiff filed a "Petition For Lawful Hunting License", which was docketed as a complaint filed pursuant to 42 U.S.C. §1983. On March 7, 2006, an order was entered granting the plaintiff's Application to Proceed Without Prepayment of Costs. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e)

## I. THE PETITION

The plaintiff, who is incarcerated in the Northern Regional Jail, filed his free-hand petition on January 24, 2006. The plaintiff seeks to have restored his "lawful hunting rights pursuant to Article III, Section 22 of the West Virginia Constitution." The plaintiff, who was convicted of first degree sexual assault in April of 1995 and sentenced to a term of 15-25 years imprisonment, appears to be attacking West Virginia Code, §61-7-7, which prohibits certain persons from possessing firearms. In particular, §61-7-7(a)(1) prohibits the possession of a firearm by any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." As relief, the plaintiff requests that this court grant him his lawful hunting rights.

## II. STANDARD OF REVIEW

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether is it frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's request that this Court restore his lawful hunting rights has no chance for success. Therefore, the undersigned recommends that this case be dismissed.

## III. ANALYSIS

A convicted felon has a number of rights taken away from him which deny him full status as a citizen of his home state and of this country. One of the federal limitations placed on the rights of a

convicted felon is that he may not possess a firearm. See, 18 U.S.C. §922(g)(1).[1] Likewise, the State of West Virginia places a limitation on a convicted felon's firearm privileges:

> Notwithstanding any provision of this Code to the contrary, no person who...
> [h]as been convicted of a felony in this state...shall have in his or her
> possession any firearm...: Provided, That any person prohibited from
> possessing a firearm or other deadly weapon by the provisions of this section
> may petition the circuit court of the county in which he or she resides and if
> the court finds by clear and convincing evidence that such person is competent
> and capable of exercising the responsibility concomitant with the possession
> of a firearm or other deadly weapon the court may enter an order allowing
> such person to possess such weapon if such would not violate any federal
> statute.

W.Va. Code §61-7-7.

Although West Virginia law "restore[s] to ex-convicts their general citizenship rights," it "limit[s] their firearm privileges" under §61-7-7. See United State v. McLean, 904 F.2d 216, 219 (4th Cir.), cert. denied, 498 U.S. 875 (1990). In short, §61-7-7 expressly provides that convicted felons may not possess a firearm or other deadly weapon without a specific order from a circuit court permitting the same.

Accordingly, the plaintiff, upon his release, must petition the appropriate West Virginia Circuit Court and obtain permission from that court to possess a firearm or other deadly weapon so that he may pursue his lawful hunting rights.[2] This Court has no authority to grant him " his lawful hunting

---

[1]This provision specifically states that "[i]t shall be unlawful for any person - who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting co mmerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

[2]The undersigned notes that the plaintiff is almost certainly barred from seeking relief in any circuit court in West Virginia because he was convicted of 1st degree sexual assault. The law of West Virginia provides that an individual convicted of a felony crime of violence against the person of another or of a felony sexual offense is forever prohibited from petitioning for the right to possess a firearm. See W.Va. Code, §61-7-7(b)(1). This, however, does not change the fact that

rights" by restoring his right to possess a firearm or other deadly weapon.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint/petition (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[3]

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff.

DATED: August 1, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

this Court lacks the authority to grant the relief the plaintiff is seeking.

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985)