IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS LEWIS,

    Plaintiff,

v.                                      Civil Action No. 5:06CV10
                                                  (STAMP)

STATE OF WEST VIRGINIA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On January 24, 2006, pro se plaintiff, Thomas Lewis ("Lewis"), filed in this Court a "Petition for Lawful Hunting License" which has been construed as a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is presently prohibited from possessing firearms as a result of his conviction of first degree sexual assault in April 1995. Plaintiff was sentenced to 15-25 years of imprisonment which he is now serving in the Northern Regional Jail. In the complaint, plaintiff seeks to have his firearm privileges restored for the purpose of hunting.

This matter was referred to United States Magistrate Judge John S. Kaull for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.02 and 28 U.S.C. § 1915(e). Following review of the plaintiff's complaint, Magistrate Judge Kaull issued a report on August 1, 2006 recommending that the complaint be dismissed with prejudice.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA, the terms are not identical. As noted by the United States Supreme

2

Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 326-28 (1989).

The standard for determining failure to state a claim for the purpose of a PLRA dismissal is identical to the one in Federal Rule of Civil Procedure 12(b)(6). See Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (noting that "failure to state a claim" language in the PLRA parallels that of Rule 12(b)(6)). Accordingly, under that standard, courts must accept the material facts alleged in the complaint as true, and not dismiss unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

On the other hand, a frivolous action is one that "lacks an arguable basis in either law or fact." Neitzke, 490 U.S. at 325. In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless"

factual allegations as true. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In this case, the magistrate judge recommended that the plaintiff's complaint be dismissed because it is without arguable merit in law or fact. Even taking plaintiff's allegations as true, plaintiff is entitled to no measure of relief in this Court. As the magistrate judge properly noted "[a] convicted felon has a number of rights taken away from him which deny him full status as a citizen of his home state and of this country." Among these rights is the right to possess a firearm. See 18 U.S.C. § 922(g)(1);[1] W. Va. Code § 61-7-7.[2]

West Virginia law limits the firearm privileges of convicted felons and provides that such limitations cannot be lifted without a specific order from the circuit court of the county in which the felon resides. W. Va. Code § 61-7-7. Thus, only West Virginia Circuit Courts have the authority to reinstate firearm privileges.[3]

---

[1]"It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1).

[2]"Except as provided in this section, no person shall possess a firearm . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." W. Va. Code § 61-7-7.

[3]Even if plaintiff petitions the appropriate court for reinstatement of his firearm privileges, he is almost certainly barred from receiving such relief because of the nature of his offense. See W. Va. Code § 61-7-7(b)(1). The magistrate judge correctly noted, however, that this fact does not endow this

Accordingly, this Court finds no clear error in the magistrate judge's recommendation that the plaintiff's complaint be dismissed for failure to state a claim.

## IV. Conclusion

Because the plaintiff has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons stated above, the plaintiff's complaint is DISMISSED WITH PREJUDICE.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and counsel of record herein.

---

federal court with authority to grant the relief that plaintiff seeks.

DATED:      September 21, 2006

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE